UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and )<br>THE STATE OF GEORGIA )<br>ex rel. BETTY RINER )<br>)<br>    Plaintiff-Relator, )<br>)<br>v. )<br>)<br>COMMUNITY PRIMARY CARE OF )<br>GEORGIA, LLC (a/k/a Ga MedGroup), )<br>)<br>    Defendant. ) | Civil Case No:<br>1:19-cv-4316-MLB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

(a) Describe briefly the nature of this action.

**This case involves a whistleblower complaint alleging illegal Medicare and Medicaid billing practices. The parties will update this section, including (b) and (c) within 14 days following any answers filed in this case.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**See subsection (a).**

(c) The legal issues to be tried are as follows:

**See subsection (a).**

(d) The cases listed below (include both style and action numbers) are:

 (1) Pending Related Cases:

**n/a**

 (2) Previously Adjudicated Related Cases:

**n/a**

2. **This case is complex because it possesses one or more of the features listed below (please check):**

 \_\_\_\_\_ (1) Unusually large number of parties
 \_\_\_\_\_ (2) Unusually large number of claims or defenses
 \_\_\_\_\_ (3) Factual issues are exceptionally complex
 \_\_\_\_\_ (4) Greater than normal volume of evidence
 \_\_\_\_\_ (5) Extended discovery period is needed
 \_\_\_\_\_ (6) Problems locating or preserving evidence
 \_\_\_\_\_ (7) Pending parallel investigations or action by government
 \_\_\_\_\_ (8) Multiple use of experts
 \_\_\_\_\_ (9) Need for discovery outside United States boundaries
 \_\_\_\_\_ (10) Existence of highly technical issues and proof
 \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

 **Plaintiff: Stacey Godfrey Evans**

 **Defendant: Glenn P. Hendrix**

4. **Jurisdiction:**

Is there any questions regarding this Court's jurisdiction?

**No.**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately theclaim(s) on which the objection is based. Each objection should be supported by authority.

**n/a**

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   **n/a**

   (b) The following persons are improperly joined as parties:

   **n/a**

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   **n/a**

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Plaintiff does not anticipate any amendments to the pleadings, but if the Court rules that any part of her allegations are inadequate as part of a ruling on Defendant's Motion to Dismiss, Plaintiff reserves the right to seek leave to amend.**

**Defendant has not yet filed any pleadings.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filinglimits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. LocalRule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local 7.2F.

## 8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties stipulate pursuant to Fed. R. Civ. P. 26(a)(1)(d) to extend the time for the parties to serve initial disclosures until 14 days following any answer filed in this case.**

9.  **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**n/a**

10.   **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties will update this section within 14 days after any answers filed in this case.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Until the Court the rules on Defendant's Motion To Dismiss, the scope of discovery remains unknown. Accordingly, the parties may seek an extension of the 4-month discovery following a ruling on the pending Motion to Dismiss.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?  **n/a**

    (b) Is any party seeking discovery of electronically stored information? **Yes.**

    If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties are separately negotiating a protocol to govern the production of electronically stored information and a protective order to ensure protection of protected health information and sensitive business information. The parties will present such orders for the Court's consideration in due course following any answer in this case.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties are separately negotiating a protocol to govern the production of electronically stored information and a protective order to ensure protection of protected health information and sensitive business information. The parties will represent such orders for the Court's consideration in due course following any answers in this case.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

- **Protocol to Govern Electronically Stored Information**
- **Protective Order**
- **502(d) Order**

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 3, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel:

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans, Esq.

Other participants: J. Amble Johnson, Esq.

For defendant: Lead counsel was unable to attend.

                                                                          /s/ Glenn P. Hendrix
                                                                          Glenn R. Hendrix

Other participants:                       /s/ W. Jerad Rissler
                                                                          Jerad Rissler, Esq.

                                                                          John Hobson, Esq.

                                                                          Lisa Churvis, Esq.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (__) A possibility of settlement before discovery.
    (**X**) A possibility of settlement after discovery.
    (__) A possibility of settlement, but a conference with the judge is needed.
    (__) No possibility of settlement.

(c) Counsel (____) do or (**X**) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.

(d) The following specific problems have created a hindrance to settlement of this case.

**14.**   **Trials by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate

judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_.

(b) The parties (**X**) do not consent to having this case tried before a magistrate judge of this Court.

**15. Signatures:**

Respectfully submitted this 10th day of February 2022.

| STACEY EVANS LAW | ARNALL GOLDEN GREGORY LLP |
|---|---|
| /s/ Stacey Godfrey Evans<br>Stacey Godfrey Evans<br>Georgia Bar No. 298555<br>John Amble Johnson<br>Georgia Bar No. 229112<br><br>4200 Northside Parkway NW<br>Building One, Suite 200<br>Atlanta, Georgia 30327<br>770-779-9602<br>sevans@staceyevanslaw.com<br>ajohnson@staceyevanslaw.com<br><br>*Counsel for Relator* | /s/ Glenn P. Hendrix<br>Glenn P. Hendrix, Esq.<br>Georgia Bar No. 346590<br>W. Jerad Rissler<br>Georgia Bar No. 142024<br><br>171 17th Street, Suite 2100<br>Atlanta, Georgia 30363-1031<br>404.873.8500<br>glenn.hendrix@agg.com<br>jerad.rissler@agg.com<br><br>*Counsel for Defendant* |

**16. Scheduling Order:**

The parties will submit a proposed scheduling order within 14 days of the Court's order on Defendant's Motion to Dismiss.