**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA ex rel. BETTY RINER,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMUNITY HEALTH SERVICES OF GEORGIA, LLC<br><br>    Defendant. | Civil Case No:<br>1:19-cv-4316-MLB |

## RELATOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Relator Riner's First Amended Complaint ("Complaint") alleges that Defendant violated the False Claims Act (FCA) and Georgia False Medicaid Claims Act (GFMCA), and it alleges facts that support those legal claims. Defendant asks the Court to strike some of these factual allegations pursuant to Federal Rule of Civil Procedure 12(f), a motion that, as explained below, courts within the Eleventh Circuit have described as a "time waster" that should only be granted when "the pleading to be stricken has no possible relation to the controversy." That is not the case here.

Defendant seeks to exclude Paragraphs 10 through 14 of the Complaint,

1

which allege details about Defendant's past controversy with Medicare and Medicaid, revenues, and political donations, and Paragraphs 73 through 89, which allege details about some of Defendant's FCA and GFMCA violations during the COVID-19 pandemic, including that Defendant finally instructed its personnel "to limit patient visits to those that were 'medically necessary,' which is the standard that should govern all visits, pandemic or not." Doc. 49 at 2; Doc. 44 ¶¶ 10-14, 73-89. These factual allegations do not bear "no possible relation to" the controversies at issue in this case, because they are relevant to Relator Riner's allegations, particularly her allegations of Defendant's control of various entities and people at issue in this case and her allegations of Defendant's violation of the FCA and GFMCA by submitting and receiving claims for reimbursement from the Government for services that were not provided, were not provided as submitted, and/or were not medically necessary. *See generally* Doc. 44. The Motion to Strike should be denied.[1]

**ARGUMENT**

**I.      Defendant cannot meet the standard required to strike allegations of the**

---

[1] Relator Riner notes that, in its Motion to Dismiss, Defendant argues that the Complaint "is replete with conclusory, vague, and immaterial facts," citing this Motion to Strike for support of that contention. Doc. 48-1 at 6-7. But the Motion to Strike only challenges 22 out of 204 paragraphs of the Complaint—none based on the contention that the facts alleged are "conclusory" or "vague," terms which do not appear at all in the Motion to Strike. *See generally* Doc. 49-1.

**Complaint**

Motions to strike a pleading pursuant to Federal Rule of Civil Procedure 12(f) are "generally viewed with disfavor" and are "often considered time wasters." *TracFone Wireless, Inc. v. Zip Wireless Prod., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (quotation marks omitted).  A motion to strike seeks "a drastic remedy" that should not be granted unless "the pleading to be stricken has no possible relation to the controversy." *Stephens v. Trust for Pub. Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (quotation marks omitted).  "Moreover, motions to strike are rarely granted absent a showing of prejudice." *Id.* (citation omitted).  Courts have stated that a matter is not immaterial unless it offers "no value in developing the issues of the case." *In re Catanella and E.F. Hutton and Co., Inc. Sec. Litig.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984) (quoting *Oaks v. City of Fairhope, Ala.*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981)).

II.   **Paragraphs 10-14 and 73-89 of Relator's Complaint do not bear "no possible relation to the controversy"**

As Defendant itself notes in its Motion to Strike, at trial Relator Riner must prove, as to her FCA and GFMCA claims, that, among other showings, Defendant submitted the false claims and that Defendant had knowledge that the claims were false.  Doc. 49-1 at 2.  Defendant argues that it does not own, operate, or control some of the facilities and actors at issue in this case and does not submit claims as

to some of its actors. *See, e.g.*, Doc. 48-1 at 10-11, 18-19. Paragraphs 10-14 cannot have "no possible relation to the controversy" because the allegations therein demonstrate that Defendant is an entity that submits claims to the Government for medical services and receives reimbursements on those claims. The allegations also relate to Relator Riner's claims because they help demonstrate Defendant's knowledge of the falsity of the claims, in that Defendant has had its claims practices challenged in the past, is open about its willingness to push legal limits, seeks to influence the process, and greatly benefits financially from its current operations. *See TracFone Wireless*, 716 F. Supp. 2d at 1290 (ruling that allegations and an exhibit attached to a complaint would not be stricken because they "have some possible relation to the controversy, as they involve substantially similar activity and similar parties," while making "no finding as to the persuasive value of the" allegations, because the inclusion of the allegations "does not warrant the severe sanction of striking them").

 Paragraphs 73 through 89 allege facts regarding Defendant's practices during the early stages of the COVID-19 pandemic. Those allegations do not have "no possible relation to" some claims of the Complaint because Relator Riner alleges that Defendant violated the FCA and GFMCA by submitting and receiving claims for reimbursement from the Government for services that were not

provided, were not provided as submitted, and/or were not medically necessary. *See generally* Doc. 44.  The allegations Defendant seeks to strike relate to the services and Defendant's instruction to limit patient visits to "medically necessary" visits, indicating that it has not so limited its medical services previously.  Medical necessity is a minimum requirement of a valid claim for payment to Medicare and Medicaid.  Thus, allegations that Defendant changed its prior mode of operation to limit services to only provide medically necessary services certainly does not have "no possible relation to" the claims that Defendant generally bills the Government for services that are not medically necessary.  This instruction from Defendant would not have been necessary if it had always followed the law.

Those allegations further demonstrate just how far Defendant is willing to go for financial gain at the expense of patients.  Namely, they go to show that Defendant would mischaracterize patients as skilled rather than palliative to allow for more lucrative service provisions (Medicare and Medicaid reimbursements) even when doing so would cut off "end of life" exceptions to COVID-19 visitation limitations.  This extreme behavior goes to motive and intent, which are relevant to Relator Riner's FCA and GFMCA claims.

**III.    <u>Paragraphs 10-14 and 73-89 of Relator's Complaint are not prejudicial</u>**

Although Defendant describes some of the paragraphs as "scandalous and

unfairly prejudicial," it does not explain *any* prejudice that Defendant suffers from the presence of these allegations, instead arguing as to each that they are immaterial. *See generally* Doc. 49-1. *See Stephens*, 479 F. Supp. 2d at 1346 ("Moreover, motions to strike are rarely granted absent a showing of prejudice." (citation omitted)). The factual allegations regarding Defendant's previous alleged violations of the FCA are already public, and the allegations regarding Defendant's actions in the early phases of the COVID-19 pandemic and as to Defendant's control of various interrelated entities is relevant to issues disputed in this litigation. *See Harvard v. Inch*, 411 F. Supp. 3d 1220, 1233-34 (N.D. Fla. Oct. 24, 2019) (ruling that it would be inappropriate to strike allegations as "unnecessary and inflammatory" under Rule 12(f) when the allegations related to the plaintiffs' required showing that their conditions of confinement violated the Eighth Amendment).

Without contesting the truth of the allegations, Defendant argues that some of Relator Riner's allegations are made "solely to cast Defendant in a derogatory light and draw unwanted inferences about an ostensible predilection to engage in fraud," and therefore constitute "character evidence as probative of a propensity to act in accordance with that character trait, which violates the Federal Rules of Evidence." Doc. 49-1 at 7. First, Defendant claims the allegations should be

stricken because Relator Riner made them for an improper purpose or motive, but Defendant offers no evidence to demonstrate Relator Riner's state of mind in this regard. Relator Riner makes her allegations in good faith and based on her first-hand knowledge for purposes of supporting her Complaint. Defendant has no basis to refute that.

Further, such an argument is entirely premature. Whether evidence supporting these allegations is ultimately admissible is not the question at this stage; instead, the Court must simply determine that they do not have "no possible relation to the controversy" in order to decline to strike them from the Complaint. *See, e.g.*, *Ellison v. St. Joseph's/Candler Health Sys., Inc.*, 2017 WL 513921, at *1 (S.D. Ga. Feb. 7, 2017) (ruling that allegations and an exhibit attached to a complaint would not be stricken because they were "potentially admissible," and noting that the party seeking to strike such allegations could clarify the allegations and/or make a motion *in limine* later in the litigation). And, anyway, the allegations do *not* constitute "character evidence" pursuant to Federal Rule of Evidence 404(a)(1) because they do not concern "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait;" of course, Defendant and its longstanding policies are on trial, not Defendant's chief executive. Finally,

7

Federal Rule of Evidence 404(b)(2) permits evidence of other crimes, wrongs, or acts that constitutes "character evidence" for any other purpose, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." As discussed above, Relator Riner must prove that the false claims were knowingly submitted, and Defendant disputes that it owns, operates, or controls various entities and actors at issue.[2] "Character evidence" otherwise excludable would be admissible for these purposes.

IV. **Defendant cites no precedent that supports striking Paragraphs 10-14 and 73-89 of Relator's Complaint**

Defendant offers no legal basis to strike the challenged allegations because those allegations do relate to the controversy, which is all that is required for inclusion in the Complaint. *Stephens*, 479 F. Supp. 2d at 1346. Defendant cites no case in which a court used Rule 12(f) to strike such extensive factual allegations from a complaint as Defendant seeks to strike. Several of the cases Defendant cites ruled that prayers for damages or legal claims should be stricken as *legally* insufficient to succeed under any provable facts. *See, e.g.*, *Ottesen v. St. Johns River Water Mgmt. Dist.*, 2015 WL 2095473, at *1-2 (M.D. Fla. May 5, 2015) (damages); *Smith v. City of Lake City, Fla.*, 2012 WL 4772286, at *1-2 (M.D. Fla.

---

[2] *See, e.g.*, Doc. 49-1 at 6, 6 n.3 (one of many instances of Defendant contesting Relator Riner's allegation that it operates facilities).

Oct. 8, 2012) (claim); *Cano v. S. Fla. Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010) (affirmative defenses).  Here, on the other hand, Defendant seeks to strike *factual* allegations from the Complaint that, as discussed above, do not bear "no possible relation" to Relator Riner's claims or otherwise meet the high standard to strike pursuant to Rule 12(f).

## CONCLUSION

For the reasons discussed above, the Court should deny Defendant's Motion to Strike.

Respectfully submitted this 22nd day of February, 2022.

| STACEY EVANS LAW | THE CLAIBORNE FIRM P.C. |
|---|---|
| /s/ Stacey Godfrey Evans<br>Stacey Godfrey Evans<br>Georgia Bar No. 298555<br>John Amble Johnson<br>Georgia Bar No. 229112<br>STACEY EVANS LAW<br>4200 Northside Parkway NW<br>Building One, Suite 200<br>Atlanta, Georgia 30327<br>Telephone: 770-779-9602<br>Facsimile:  404-393-2828<br>sevans@staceyevanslaw.com<br>ajohnson@staceyevanslaw.com<br><br>*Counsel for Relator* | /s/ William R. Claiborne<br>William R. Claiborne<br>Georgia Bar No. 126363<br>will@clabornefirm.com<br>410 E. Bay Street<br>Savannah, GA 31401<br>Telephone:  (912) 236-9559<br>Facsimile:  (912) 236-1884<br><br>**WOOLF LAW**<br><br>/s/ S. Wesley Woolf<br>S. Wesley Woolf<br>woolf@woolflawfirm.com<br>Georgia Bar No. 776175<br>408 East Bay Street<br>Savannah, GA 31401<br>Telephone:  (912) 201-3696<br>Facsimile:  (912) 236-1884 |

## **LOCAL RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

This 22nd day of February, 2022.

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555

11

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **RELATOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** with the Clerk of Court using the EM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

This 22nd day of February, 2022.

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555