**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | ) | |
| THE STATE OF GEORGIA | ) | |
| ex rel. BETTY RINER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No: |
| | ) | 1:19-cv-4316-MLB |
| COMMUNITY HEALTH SERVICES | ) | |
| OF GEORGIA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**<u>RELATOR'S RESPONSE IN OPPOSITION TO
DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE</u>**

The only facts that a court may consider in deciding a motion to dismiss are the facts alleged in the operative complaint, here Relator Riner's First Amended Complaint, Doc 44 ("Complaint").  Defendant attempts to circumvent this fundamental rule and tries to put a factual dispute before the Court by submitting nine documents not mentioned in the Complaint.  The Federal Rules of Civil Procedure and Eleventh Circuit precedent do not allow that.  Defendant argues that its gloss on facts should automatically be considered along with its Motion to Dismiss, but it is wrong.

What is more, Defendant styles its motion as one asking for "judicial notice"

of certain documents, skipping over an evaluation of the standard of whether the documents would be properly considered on motion to dismiss even if they constitute the type of document from which certain facts could normally be judicially noticed.  In the Eleventh Circuit, there is a narrow exception to the rule that no documents may be considered in a motion to dismiss except those attached to the complaint, in that documents that are (1) referenced in a complaint, (2) central to a claim in the complaint, (3) not disputed, *and* (4) attached to the motion to dismiss, may also be considered.  The documents Defendant volunteers are not referenced in the complaint, central to Relator Riner's claims, or undisputed. Indeed, all relate to the *disputed* facts of this case.  Because Defendant seeks to have the Court consider the documents on its Motion to Dismiss (Doc. 48-1), at which point all of Relator Riner's well-pleaded facts are accepted as true, the Court should not do so.  Also, the documents are not judicially noticeable because the "facts" for which Defendant proffers them are far from indisputable.

## THE DOCUMENTS AT ISSUE IN THIS MOTION

The documents Defendant proffers in its Request to Take Judicial Notice are seven screenshots of websites showing a Medicare.gov summary of "ownership and management disclosures" for facilities at issue in this case, a memorandum written by the Centers for Medicare and Medicaid Services (CMS) titled

"Physician Delegation of Tasks in Skilled Nursing Facilities (SNFs) and Nursing Facilities (NFs)," and an excerpt of a processing manual for Government claims also produced by CMS.  Doc. 50.  These documents are not dispositive of any legal issue in this case, and the facts for which they are proffered are disputed.

## ARGUMENT

I. **Defendant cannot meet the standard for judicial notice and skips over the standard regarding what types of factual information may be considered at all on a motion to dismiss**

A motion to dismiss a complaint for failure to state a claim must not be granted unless the complaint's factual allegations fail to plausibly state a "claim for relief that is plausible on its face.'"  *Guerra v. Rockdale Cnty.*, 420 F. Supp. 3d 1327, 1336 (N.D. Ga. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "At the motion to dismiss stage, 'all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.'"  *Id*. (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)).

Federal courts in the Eleventh Circuit deciding a motion to dismiss "do not consider anything beyond the face of the complaint and documents attached thereto."  *Ohome v. U.S.*, 2021 WL 5771147, at *2 (N.D. Ga. Dec. 6, 2021) (citation omitted).  There is a narrow exception to this rule "in cases in which a

plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)).  Otherwise, the consideration of matters outside of the pleadings requires converting the motion to dismiss pursuant to Federal Rule of Civil Procedure 12 into a motion for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(d).

In order to qualify for judicial notice, a fact must be "*both* 'not subject to reasonable dispute' *and* either (1) 'generally known within the trial court's jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Grayson v. Warden*, 869 F.3d 1204, 1224-25 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)) (emphases supplied and footnotes omitted).

## II. The Court should not consider documents that are not referred to in the Complaint, not central to claims, in dispute, *and* not attached to Defendant's motion to dismiss

Defendant styles its request as a Request for Judicial Notice pursuant to Federal Rule of Evidence 201.  Doc. 50 at 1.  But that rule is, self-explanatorily, a rule of *evidence*, defining when a court should treat a *fact* as proven without the normal safeguards of proving facts in a court.  *See* Fed. R. Evid. 201(b) (allowing

4

judicial notice of "a *fact* that is not subject to reasonable dispute" (emphasis

supplied)).  However, whether document is appropriate for consideration on a

motion to dismiss depends on its reference in and centrality to the complaint and

its being undisputed.  *See, e.g.*, *Stephens*, 500 F.3d at 1284; *see also Horsley v.*

*Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that a document may only be

considered on a motion to dismiss pursuant to this "incorporation by reference"

doctrine).

Defendant cites three cases for its contention that courts in the Eleventh

Circuit may "take judicial notice of public records" without converting a motion to

dismiss to a motion for summary judgment.  Doc. 50 at 3-4.  Those cases do not

help Defendant.  One case is *Bryant*.  *Id*. at 3.  The holding is not nearly as broad

as Defendant implies.  There the Court held, "publicly filed SEC documents could

be judicially noticed" in a motion to dismiss a complaint *that alleges securities*

*fraud*, extensively citing a Second Circuit opinion in which that court noted,

among other factors arguing for considering the documents, "the documents are the

very documents that are alleged to contain the various misrepresentations or

omissions and *are not relevant to prove the truth of their contents* but only to

determine what the documents stated."  187 F.3d at 1276-77 (quoting *Kramer v.*

*Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)) (emphasis supplied).  Of

course, here Defendant *does* seek to proffer the exhibits in order to prove what

Defendant alleges, and Relator Riner contests, are "the truth of their contents."

Another of the cases is *Ohome*, in which this Court stated the rule quoted

above: that Eleventh Circuit courts may *not* take consider any documents on a

motion to dismiss unless "a plaintiff refers to a document in its complaint, the

document is central to its claim, its contents are not in dispute, and the defendant

attaches the document to its motion to dismiss."  *Ohome*, 2021 WL 5771147, at *2

(quotation marks omitted).  Defendant ignores the rule the Court offered in that

case, which it applied in rejecting the request to take judicial notice of eleven

exhibits the defendant attached, including "the Customs and Border Protection

('CBP') Directive on border searches of electronic devices," quoting only that

court's decision to take judicial notice of an indisputable fact set forth in a

government document for guidance on a *legal* question.  Doc. 50 at 3; *Ohome*,

2021 WL 5771147, at *2, *4-7, *7 n.4.  Here, in contrast, Defendant offers the

documents for *factual support* of its contested contentions that it does not own or

control the facilities at issue and did not violate the FCA or GFMCA in its actions.

*See generally* Doc. 48-1 (Defendant's Motion to Dismiss, citing the exhibits as

evidence to purportedly rebut Relator Riner's factual allegations).  Relator Riner

should not be denied the benefit of discovery or the opportunity to proffer her own

evidence to rebut Defendant's factual contentions, when at this stage all she must do is plead her claims.

The third case Defendant cites is *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801 (11th Cir. 2009).  Doc. 50 at 3-4.  This case is no help because there the Eleventh Circuit held that the district court did not consider any documents outside of the complaint in considering a motion to dismiss, but instead simply referenced the fact that the plaintiff was involved in another case at another time.  *Serpentfoot*, 322 F. App'x at 807.  The Eleventh Circuit did not provide any guidance on what information outside of a complaint is proper for consideration on a motion to dismiss, but rather found that nothing else was considered so it did not need to address the issue.  *Id.*  In sum, none of the three cases Defendant cites conflict with the general rule, articulated by this Court in *Ohome* as mandated by *Stephens*.

Defendant accordingly fails to address the actual standard that the Court must apply in determining whether the documents should be considered for Defendant's Motion to Dismiss (Doc. 48-1)—whether Relator Riner refers to the documents in her Complaint, the documents are central to her claim, and their contents are not in dispute.[1]

---

[1] Relator Riner notes that the documents are not attached to the Motion to Dismiss (Doc. 48); they are instead filed separately.  Doc. 50.  This also appears to violate the rule articulated in *Stephens*, 500 F.3d at 1284.

### A.     The Complaint does not refer to the documents

The Complaint (Doc. 44) does not refer to the documents Defendant asks the Court to consider.  Defendant seeks the consideration of management and disclosure forms for seven facilities, a memorandum sent from CMS to state survey agency directors, and a short excerpt of a CMS Medicare claims processing manual.  *See generally* Doc. 50.  These exhibits are not referenced in the Complaint and Defendant does not so contend.

The Complaint does briefly discuss manuals and memoranda like two of the documents Defendant attaches, generally:

> 62. Intermediaries reimburse Medicare providers in accordance with standards established by the reimbursement statutes, accompanying regulations, and interpretive manuals.
>
> 63. Fiscal intermediaries must only pay claims for services that are covered by Medicare; this responsibility includes the contractual obligation to Medicare to make coverage determinations in accordance with (i) the Medicare statutes, (ii) formal agency regulations and rulings, and (iii) less formal agency instructions such as instruction manuals and intermediary letters.  *See* 42 C.F.R. § 421.100(a).

Doc. 44 ¶¶ 62-63.  Accordingly, while the Complaint refers to "less formal agency instructions such as" two of the documents Defendant attaches, it does so generally, with no reference to the exhibits Defendant asks the Court to consider.

## B.    The documents are not "central" to the Complaint

A document must be "central" to a claim in the complaint in order for a court to consider it on a motion to dismiss, because "[o]therwise, the conversion clause of Rule 12(c) [and Rule 12(b)(6)] would be too easily circumvented and disputed documents attached to an answer would have to be taken as true at the pleading stage." *Horsley*, 304 F.3d at 1134-35.

The Eleventh Circuit has held that a document is "central" to a complaint when the plaintiffs' references to the document "are a necessary part of their effort to make out a claim." *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

A magistrate judge has explained the "centrality" rule like this:

> [A] document is typically 'central' to a claim only if it is a written instrument attached to or referenced in the complaint and itself gives rise, or is otherwise intrinsic, to the claim, such as an insurance policy or other contract or a promissory note; it does not encompass witness affidavits that merely recount circumstances or information relevant to a claim.  If it were otherwise, almost all evidence would be 'central' to a claim, and the distinction between motions to dismiss under Rule 12(b)(6) and motions for summary judgment under Rule 56 would be eviscerated.

*Glass v. City of Glencoe*, 2017 WL 1407477, at *3 (N.D. Ala. Apr. 20, 2017) (citations omitted).

The documents Defendant seeks to introduce are not written instruments

attached to or referenced in the complaint.  They certainly do not themselves

"give[] rise, or [are] otherwise intrinsic, to the claim[s], such as an insurance policy

or other contract or a promissory note."  *Id*.  Instead, these documents are more

like "witness affidavits that merely recount circumstances or information relevant

to a claim."  *Id*.  This is factual evidence appropriate for dispute after discovery, at

the trial or summary judgment stage.

### C.    The contents of the documents are not undisputed

Whether Defendant owns, controls, and/or operates facilities and entities at

issue is a quintessential factual dispute.  Accordingly, the contentions for which

Defendant proffers the documents, to establish that it does not own, control, or

operate the facilities, is not undisputed.

Relator Riner, as an Advanced Practice Registered Nurse (APRN) who

worked for Defendant in that capacity for over five years, alleges facts about

Defendant and its agents and doctors' ownership, control, and operation of

multiple health care entities and facilities based on her personal observations and

conversations.  *See, e.g.*, Doc. 44 ¶¶ 1, 5-9, 13-14, 17, 19-21.  Relator Riner alleges

that Defendant, CHS-Ga, and GA MedGroup are all versions of the same entity.

*Id*. ¶¶ 5-7.  She also alleges that service providers are owned, operated, and

controlled by the same individuals that own, operate, and control Defendant and its

instrumentalities.  *Id.* ¶¶ 150-52; *see also id.* ¶¶ 66-70, 121-25, 137, 139 (alleging administrative staff and leadership, including two specifically-identified doctors, regularly dictate medical decisions relating to claims presented to the Government); *id.* ¶¶ 148, 150 (alleging physicians "are awarded lucrative salaries for going along with this scheme" but "are terminated" for not doing so, and that Dr. Warnock "is a founder of Ga MedGroup and has a financial stake in Defendant").

Defendant argues that records—the documents at issue in its Request to Take Judicial Notice—show that it "has no ownership stake or operational or managerial control over any of the named facilities."  Doc. 48-1 at 10.  Indeed, as discussed already, the fact is heavily disputed: Relator Riner, based on observations and conversations during her experiences as a five-plus-year employee of Defendant, alleges facts of ownership and/or control.

Defendant's own website further contradicts its contention of what its proffered documents show.  The website, www.chs-ga.org/, has a "Services" page which includes "Skilled Nursing," https://www.chs-ga.org/Services.  Thus, its *own website* pronounces that it controls facilities.  Further, the link for "Skilled Nursing" goes to an Ethica Health & Retirement Communities website, with the same stock photo and same layout as on Defendant's website,

11

www.ethicahealth.org, which has a page for "Client Centers,"

www.ethicahealth.org/?id=2546&sid=94, which in turn includes all of the facilities

at issue in this case except for one, Riverview Health & Rehabilitation Center.  So,

Defendant may argue that it does not control facilities, but its own website takes

visitors, through its Services and Skilled Nursing, to Ethica Health & Retirement

Communities, with the same web design and even the same stock photograph,

where Client Centers include the specific facilities at issue in the Complaint.

Further, the very documents Defendant proffers do not establish a lack of

control.  The documents instead suggest the *opposite*: the owners listed in these

documents share an address used by Defendant and otherwise overlap.  The

labyrinthine nature of the business ownership and control (which further

demonstrates the extent to which the issue is a fact issue appropriate for discovery

rather than a motion to dismiss) goes like this: Ethica Health & Retirement

Communities is listed on Bloomberg's company profile pages as having the

address 1005 Boulder Drive, Gray, Georgia, 31032.  Ethica Health & Retirement

Communities Company Profile, Bloomberg.com,

https://www.bloomberg.com/profile/company/9278762Z:US (last visited on Feb.

18, 2022).  That entry also states that Clinical Services, Inc. is "doing business as"

Ethica.  *Id*.  At the Georgia Secretary of State's Georgia Corporations Division

Business Search Tool, https://ecorp.sos.ga.gov/BusinessSearch, in turn, Clinical

Services, Inc. lists as its "principal office address" 1005 Boulder Drive, Gray,

Georgia, 31032, with Kim Sheffield and Teresa Moody listed as officers at the

same address and Brodie Law Group serving as the registered agents.

Defendant's proffered documents offer the following business entities as

owners and managers, in addition to several individuals: Clinical Services, Inc.

*itself*; Johnson County Ltc, LLC; Piedmont Regional Health Inc.; Candler County

Ltc, LLC; Evans County Ltc LLC; Candler County II Ltc LLC; Bulloch County

Ltc LLC; Riverview Health and Rehabilitation Center, Inc.; Heritage Inn of

Sandersville LLC; and Health Systems Facilities, Inc.  Doc. 50 at 10-23.  Many of

these actors repeat, with roles in multiple facilities; for example, all entities list

Clinical Services, Inc. as the first entity or individual having

"operational/managerial control."  *Id*.  And Johnson County Ltc, LLC, Candler

County Ltc, LLC, Evans County Ltc, LLC, Candler County II Ltc LLC, Bulloch

County Ltc LLC, and Heritage Inn of Sandersville LLC *all*, according to their

entries in the Georgia Corporations Division Business Search tool discussed above,

have the address of 1005 Boulder Drive, Gray, Georgia 31032, and the Brodie Law

Group as the registered agent.  The same is true of Piedmont Regional Health Inc.

and Health Systems Facilities, Inc., and their officers are also Kim Sheffield and

Teresa Moody (though with those two officers having a different address for

Piedmont Regional Health Inc.).

Accordingly, as to every single facility for which Defendant submits

documents, at least one listed entity shares, at a minimum, an address and

registered agent, as recorded by the Georgia Corporations Division, with Ethica

Health & Retirement Communities, and therefore with Defendant who links to

Ethica with a "Skilled Nursing" click on its "Services" website.  Every entity has

Clinical Services, Inc., which does business as Ethica, listed as one of its entities in

operational/managerial control.  Defendant's own documents, therefore, do not

establish its contentions as to the alleged facts that it owns, operates, and/or

manages facilities at issue.  Further, Defendant's website lists Community Health

Foundation as "Our Foundation," www.chs-ga.org/OurFoundation, and a Yellow

Pages entry for Community Health Foundation matches the address of the entities

discussed above: 1005 Boulder Dr., Gray, Georgia, 31032.  Community Health

Foundation, Yellow Pages, https://www.yellowpages.com/gray-

ga/mip/community-health-foundation-494324995 (last visited Feb. 21, 2022).

Defendant also contends one of its documents, the CMS memorandum,

"instructs that it was permissible for Relator's sample patient to be seen by non-

physician practitioners, rather than a physician, as alleged by Relator."  Doc. 50 at

4.  That is not true.  As discussed in Relator Riner's Response to the Motion to Dismiss, 42 C.F.R. §§ 483.30(b)-(c) requires timely *physician* visits.  The 42 C.F.R. § 483.30(f) exception provides that non-physician practitioner "who is not an employee of the facility but is working in collaboration with a physician" may conduct these required visits for Medicaid facilities in states in which state law allows.  Defendant's memorandum does not "instruct" that the exception should apply here; there is no discussion of Georgia or the facilities at issue or whether, most importantly, the individual nurse practitioner meets the narrow exception: that the nurse practitioner is not an employee of the facility and meets the requirements to be "in collaboration" with a certain physician.  *See* Doc. 50 at 24-29.  And even if it did, which again it does not, the Supreme Court has held that "agency interpretations contained in policy statements, manuals, and enforcement guidelines are not entitled to the force of law."  *Bradley v. Sebelius*, 621 F.3d 1330, 1338 (11th Cir. 2010) (quotation marks omitted); *see Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, *all of which lack the force of law*—do not warrant *Chevron*-style deference."  (emphasis supplied and citations omitted)).  Further, Relator Riner is not required, for purposes of her Complaint, to anticipate Defendant's argument

that an exception should apply and then plead reasons that the exception should not

apply. *See, e.g.*, *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir.

2004) ("[P]laintiffs are not required to negate an affirmative defense in their

complaint." (quotation marks omitted and punctuation altered)).[2]

The last document, a portion of a claims manual, similarly is not undisputed

for the fact for which Defendant proffers it.  Defendant argues that its provisions

"refute Relator's allegation that a nursing home is responsible for physician billing

or vice-versa."  Doc. 50 at 5.  That is not so.  As discussed above, Relator Riner

alleges connections of control and financial incentive between the entities and

physicians.  Further, this short excerpt of a CMS claims manual does not discuss

the circumstances alleged in the Complaint at all and as a manual lacks the force of

law, and it cannot "refute" any allegations in the Complaint.

## III.   The documents are not appropriate for judicial notice

Even if this argument were only about whether the documents are

---

[2] However, if she is so required, as also explained in her Response to the Motion to Dismiss, Relator Riner should be allowed to amend, because she can allege facts that show that this exception is not applicable here.  Specifically, Relator Riner can allege, based on her personal observations as an APRN for Defendant, Doc. 44 ¶¶ 17, 19-21, that the non-physician practitioners who conducted the visits instead of a physician were employed by the facilities as part of the same unit of control and ownership as Defendant, making the exception not applicable.  *See* 42 C.F.R. § 483.30(f) (limiting exception to non-physician practitioners who are "not an employee of the facility").

appropriate for "judicial notice," the documents should not be judicially noticed. Federal Rule of Evidence 201(b)(2) allows for judicial notice of "a *fact* that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (emphasis added). But even where the source's accuracy cannot reasonably be questioned, the proffered fact itself must be "not subject to reasonable dispute" to be judicially noticeable. "A district court may take judicial notice of an adjudicative fact that is *both* 'not subject to reasonable dispute' *and* either (1) 'generally known within the trial court's jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Grayson*, 869 F.3d at 1224-25 (quoting Fed. R. Evid. 201(b)) (emphases supplied and footnotes omitted). "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, *Federal Prac. & Proc.: Evid.* § 5104 at 485). The Eleventh Circuit has held:

> Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing . . . . Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury."

*Id*. (citations omitted).  The Eleventh Circuit cited a Second Circuit opinion holding that a "court may take judicial notice of a document filed in another court '*not for the truth of the matters asserted* in the other litigation, but rather to establish the fact of such litigation and related filings.'  Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."  *Id*. (emphasis supplied and citations omitted).

Here, Defendant proffers the documents for its contentions as to the truth of the matters asserted: Defendant first contends that the Medicare.gov records "demonstrate that [Defendant] has no ownership stake or operational or managerial control over any of the named facilities, which are owned and managed by other non-profit entities."  Doc. 50 at 3.  This contention, again, is very much disputed.  Likewise, Defendant proffers guidance that, it says, "instructs that it was permissible for Relator's sample patient to be seen by non-physician practitioners, rather than a physician, as alleged by Relator."  *Id*. at 4.  Again, this is hotly disputed; Relator Riner contends that the guidance, which is non-binding, does not mention Georgia at all and does not address the circumstances alleged in the Complaint, for which Relator Riner does not need to anticipate Defendant's arguments that an exception should apply.  Finally, Defendant proffers a short

excerpt of a claims processing manual—a manual, that does not have the force of law—to "refute Relator's allegation that a nursing home is responsible for physician billing or vice-versa." *Id*. at 5. This is, again as explained above, not indisputable, and therefore it is not appropriate for judicial notice.

This Court has noted that the Eleventh Circuit "has urged caution" about taking judicial notice of facts without formal proof, "because the judicial notice process 'bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [a] district court.'" *Piccard v. Deedy*, 2021 WL 4846132, at *1 (N.D. Ga. Oct. 15, 2021) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). The disputes at issue here demonstrate why such caution is necessary. Because the facts for which Defendant purports to proffer the documents are contested, they should not be judicially noticed.

## CONCLUSION

For the reasons discussed above, the Court should deny Defendant's Request to Take Judicial Notice.

Respectfully submitted this 22nd day of February, 2022.

**STACEY EVANS LAW**

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555
John Amble Johnson
Georgia Bar No. 229112
STACEY EVANS LAW
4200 Northside Parkway NW
Building One, Suite 200
Atlanta, Georgia 30327
Telephone: 770-779-9602
Facsimile: 404-393-2828
sevans@staceyevanslaw.com
ajohnson@staceyevanslaw.com

**THE CLAIBORNE FIRM P.C.**

/s/ William R. Claiborne
William R. Claiborne
Georgia Bar No. 126363
will@claibornefirm.com
410 E. Bay Street
Savannah, GA 31401
Telephone: (912) 236-9559
Facsimile: (912) 236-1884

**WOOLF LAW**

/s/ S. Wesley Woolf
S. Wesley Woolf
woolf@woolflawfirm.com
Georgia Bar No. 776175
408 East Bay Street
Savannah, GA 31401
Telephone: (912) 201-3696
Facsimile: (912) 236-1884

*Counsel for Relator*

## **LOCAL RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this Brief has been prepared with one

of the font and point selections approved by the Court in Local Rule 5.1.

This 22nd day of February, 2022.


<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
Georgia Bar No. 298555

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **RELATOR'S**

**RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST TO TAKE**

**JUDICIAL NOTICE** with the Clerk of Court using the EM/ECF system, which

will automatically send e-mail notification of such filing to the attorneys of record.

This 22nd day of February, 2022.

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
Georgia Bar No. 298555