**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA, *ex rel.* BETTY RINER,<br><br>    *Plaintiff-Relator*,<br><br>v.<br><br>COMMUNITY PRIMARY CARE OF GEORGIA, LLC (a/k/a Ga MedGroup),<br><br>    *Defendant*. | Civil Action File No.:<br><br>1:19-cv-04316-MLB |

**Defendant Community Primary Care of Georgia, LLC's**
**Response to Relator's Motion for Reconsideration of Order (Doc. 65)**

In its May 9, 2022 Order (Doc. 65), this Court found that Plaintiff-Relator Betty Riner's ("Relator") First Amended Complaint ("FAC") failed to state a claim for retaliation under the False Claims Act ("FCA") and that her remaining FCA and Georgia False Medicaid Claims Act ("GFMCA") claims were subject to dismissal without prejudice as a shotgun pleading. (Order at 27). The Court gave Relator an opportunity to cure her shotgun pleading defects through amendment, and Relator has availed herself of this opportunity. Nevertheless, Relator has now moved this Court to reconsider its Order, not only as to the dismissal of her retaliation claims but also as to the FCA and GFMCA claims that are now the subject of a Second Amended Complaint. (Doc. 66, hereinafter "Recon. Mot."; Doc. 67, hereinafter "SAC"). But Relator has not identified any new evidence, changes

in controlling law, or clear error of law or fact that justify reconsideration of the Court's well-reasoned decision. Accordingly, this Court should deny Relator's Motion for Reconsideration.

## Argument and Citation to Authority

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E). The grant of a motion to reconsider is "an extraordinary remedy employed sparingly." *Center for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). Consequently, motions for reconsideration are not to be submitted as a matter of course, but only when "absolutely necessary." L.R. 7.2(E). Such absolute necessity arises where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Blue Cross & Blue Shield of Georgia, Inc. v. DL Inv. Holdings, LLC*, No. 1:18-CV-01304, 2019 WL 12876048, at *1 (N.D. Ga. Jan. 24, 2019). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. White*, No. 1:04-CV-1901-MHS, 2005 WL 2470527, at *2 (N.D. Ga. 2005) (citations omitted).

"Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time." *White*, 2005 WL

2470527, at *2. (*citing Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs.*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 97 F.3d 1242 (11th Cir. 1996); *see also Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (motions for reconsideration may not be used as a vehicle to repackage familiar arguments to test whether the court will change its mind). A motion for reconsideration also may not be used to "offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Worsham v. Provident Co.*, 249 F. Supp. 2d 1325, 1338 (N.D. Ga. 2002) (citations omitted).

Instead, a litigant must demonstrate "why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (internal quotation marks omitted). Further, motions for reconsideration are left to the sound discretion of the district court. *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1222–23 (N.D. Ga. 2012) (*citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## I. Relator Offers No Compelling Reason to Reconsider the Dismissal of Her Retaliation Claim.

### A. The D.C. District Court's Opinion is Not a Basis for Reconsideration.

Relator argues that this Court should reconsider its dismissal of her retaliation claims because, after her response to CPC's motion to dismiss (but before this Court's Order), an out-of-circuit district court issued a decision involving the viability of post-termination FCA retaliation claims. (Recon. Mot. at 2-3 (citing *Smith v. Athena Constr. Grp., Inc.*, No. 18-CV-2080 (APM), 2022 WL 888188 (D.D.C. Mar. 25, 2022))). As Relator concedes, "this precedent is not binding on the Court." (*Id.* at 3). Thus, by her own admission, *Smith* cannot constitute controlling law warranting reconsideration of dismissal of her retaliation claim. *Blue Cross & Blue Shield of Georgia, Inc.*, 2019 WL 12876048, at *1.

Moreover, *Smith* was issued before this Court's Order. *Compare* Doc. 60 (Order, dated April 5, 2022), *with Smith*, 2022 WL 888188 (order dated March 25, 2022). It therefore does not constitute an intervening change in law. *See Townhouses of Highland Beach Condo. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1312–13 (S.D. Fla. 2007) (finding that movant for reconsideration improperly relied on case decided during pendency of original motion to dismiss, as movant should have alerted the court of the case by filing notice of supplemental authority). Therefore, *Smith* is not a proper basis to reconsider this Court's Order. *See Towns v. And Action, LLC*,

No. 1:19-CV-3248-MLB, 2021 WL 2607042, at *2 (N.D. Ga. Feb. 1, 2021) (finding that cases issued before order subject of reconsideration motion were not proper bases for granting request).

Further, Relator's belated attempt to bring *Smith* to the Court's attention does not change the fact that "most courts that considered this issue have found § 3730(h) does not apply to post-employment retaliation." (Order at 23). This Court recognized that "[t]he overwhelming majority of courts that have considered the issue" have found this to be so. (*Id.*, *citing Potts v. Ctr. for Excellence in Higher Educ.*, Inc., 244 F. Supp. 3d 1138, 1143 (D. Colo. 2017), aff'd, 908 F.3d 610 (10th Cir. 2018)). The *Smith* decision does not tilt this balance.

Most importantly, this Court's Order was not based on a simple tally of the number of courts on either side of the split of authority. It was expressly based on this Court's view that the majority view reflected the better reading of the law. (Order at 23 ("The most natural reading of the statutes is that they do not create claims for post-termination retaliation...")). This Court was well aware of the minority view embraced by the *Smith* court. *Smith* offers no analysis that this Court has not already considered. The *Smith* court followed the minority view articulated in *United States ex rel. Felten v. William Beaumont Hospital*, 993 F.3d 428, 430–35 (6th Cir. 2021) (holding that "the FCA's anti-retaliation provision protects

former employees alleging post-termination retaliation"), which this Court rejected in favor of the analysis set forth in *Potts v. Center for Excellence in Higher Education, Inc.*, 908 F.3d 610, 618 (10th Cir. 2018) (holding that the FCA's anti-retaliation provision "unambiguously excludes relief for retaliatory acts occurring after the employee has left employment"). 2022 WL 888188 at *18. This Court fully considered this Circuit split and issued its decision in accordance with its own textual analysis of the FCA's anti-retaliation provision. (Order at 22-25). That another district court came down on the other side of the same Circuit split a few weeks before this Court's Order is not a basis for reconsideration. Relator's disagreement with this Court's analysis and desire for it to change its mind are not proper bases for reconsideration. *Towns*, 2021 WL 2607042, at *2; *Bryan*, 246 F. Supp. 2d at 1259.

### B. Relator Has Not Shown That This Court's Dismissal of Her Retaliation Claim at the Pleading Stage Absent Binding Authority Should Be Reconsidered.

Relator also argues that a lack of binding authority on the viability of post-employment FCA retaliation claims rendered the Court's dismissal of her claim inappropriate, and offers two cases in support of the proposition. (Recon. Mot. at 3-4, citing *Fitzsimmons v. Cardiology Assocs. of Fredericksburg, Ltd.*, No. 3:15CV72, 2015 WL 4937461 (E.D. Va. Aug. 18, 2015) and *Ace Tree Surgery, Inc. v. Terex Corp.*, No. 1:16-CV-0775-SCJ, 2018 WL 11350262 (N.D. Ga. Dec. 10, 2018)). At the outset,

this is an argument that Relator could have raised before the Court's Order, and her failure to do so bars her bid for reconsideration. *See Nat'l Cas. Co. v. Fulton Cnty., Georgia*, No. 1:16-CV-00679, 2019 WL 12518369, at *2 (N.D. Ga. June 19, 2019) (citation omitted) (stating that "clear error [necessitating reconsideration] consists of a manifest error of law or fact made despite a clear presentation of the issue by the party seeking reconsideration."). Beyond this, the district court cases cited by Relator are not controlling authority on the matter, and therefore do not support Relator's bid for reconsideration. *Blue Cross & Blue Shield of Georgia, Inc.*, 2019 WL 12876048, at *1.

**II.   Relator Has Not Shown That This Court Erred in Determining That Her Amended Complaint Was a Shotgun Pleading.**

After filing the Reconsideration Motion that is the subject of this response, Relator filed her Second Amended Complaint in an attempt to cure the pleading deficiencies identified in the Court's Order. Indeed, Relator's Reconsideration Motion acknowledged Relator's intent to file an amended complaint. That Second Amended Complaint has superseded her First Amended Complaint, and the issue of whether her *First* Amended Complaint is a shotgun pleading is now plainly moot. Relator apparently recognizes that her *Second* Amended Complaint does not satisfy the pleading roadmap that was clearly outlined in the Court's Order, and

her Reconsideration Motion is a transparent attempt to preemptively soften the pleading burden applicable to that Complaint.

Relator's primary argument for reconsideration on this issue is that this Court's dismissal of her Amended Complaint as a shotgun pleading "conflicted with binding, published Eleventh Circuit law," namely *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). (Recon. Mot. at 5-6). But this Court's reliance on unpublished opinions in its analysis of Relator's Amended Complaint is not a basis for reconsideration. *See Blue Cross & Blue Shield of Georgia, Inc.*, 2019 WL 12876048, at *1 (finding that the absolute necessity for reconsideration of a court's order arises where there is a need to correct a clear error of law or fact).

"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. This Circuit regularly affirms district courts' dismissals of complaints on the basis of unpublished opinions, and so it cannot be said that this Court erred—let alone committed "a clear error of law or fact"—in relying on unpublished opinions when it dismissed Relator's complaint as a shotgun pleading. *See, e.g., Overcash v. Shelnutt*, 753 F. App'x 741, 747 (11th Cir. 2018) ("[Appellant] accused the district court of improperly relying on unpublished, out-of-circuit cases—but this is not improper."); *Dunavant v.*

*Sirote & Permutt, P.C.*, 603 F. App'x 737, 739 (11th Cir. 2015) (refusal to reconsider decision relying in part on an unpublished decision was not an abuse of discretion); *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 992 (11th Cir. 2014) (affirming district court's grant of reconsideration and dismissal of complaint that relied entirely on an unpublished decision).

Moreover, Relator apparently misreads *Weiland* to state an exhaustive list of categories that delineate "shotgun" pleadings. To the contrary, *Weiland* summarized, as part of a discussion of the history of the shotgun pleading doctrine, common types of shotgun pleadings seen by that Court. 792 F.3d at 1321-23. It emphasized that "the groupings cannot be too finely drawn" and that the categories were "rough." *Id.* at 1322. Moreover, the Eleventh Circuit has made it clear that complaints that incorporate all factual allegations into each count are shotgun pleadings. *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" which are then "incorporated by reference into each count of the complaint"). *Johnson Enterprises* remains good law; as a panel, the *Weiland* Court lacked the authority to overrule it. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) ("[A] panel cannot overrule a prior one's holding even though

convinced it is wrong."). Under the Eleventh Circuit's rule concerning prior-panel precedent, it is "bound by the holdings of earlier panels unless and until they are clearly overruled by this court *en banc* or by the Supreme Court." *Randall v. Scott*, 610 F.3d 701, 707 (11th Cir. 2010).

Unsurprisingly, therefore, multiple district courts in this Circuit since *Weiland* have found that complaints like Relator's are shotgun pleadings. *See, e.g., Bardelas v. City of Doral, Fla.*, No. 1:20-CV-24894-KMM, 2021 WL 2531074, at *4 (S.D. Fla. Apr. 15, 2021) (finding complaint was shotgun pleading where "[e]ach cause of action begins with the statement 'Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1–99, as if fully set forth herein . . .'"); *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, No. 1:19-CV-25298-KMM, 2020 WL 1933169, at *3 (S.D. Fla. Apr. 14, 2020) (complaint that "re-adopt[ed] each and every factual allegation" was a shotgun pleading); *Jarmon-Goodman v. City of Muscle Shoals, Alabama*, No. CV-18-S-591-NW, 2018 WL 4896372, at *3 (N.D. Ala. Oct. 9, 2018) (same); *Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316, 1333 (S.D. Fla. 2018) (same); *Rizzo-Alderson v. Eihab H. Tawfik, M.D., P.A.*, No. 5:17-CV-312-OC-37PRL, 2017 WL 4410096, at *2 (M.D. Fla. Oct. 4, 2017) (same). These cases support this Court's conclusion that Relator's Amended Complaint was a shotgun pleading.

## Conclusion

Relator has failed to meet her burden to demonstrate that reconsideration of this Court's Order is "absolutely necessary." L.R. 7.2(E). This Court appropriately found that Relator's retaliation claims failed because the FCA does not provide a cause of action for post-employment retaliation, and that her Amended Complaint otherwise failed as a shotgun pleading. (Order at 27). Relator failed to demonstrate that there has been any newly discovered evidence, intervening change in controlling law, or clear error of law or fact, as required to prevail on her bid for reconsideration. *Blue Cross & Blue Shield of Georgia, Inc.*, 2019 WL 12876048, at *1. Accordingly, her Motion for Reconsideration should be denied.

Respectfully submitted this 21st day of June, 2022.

ARNALL GOLDEN GREGORY LLP

*/s/ W. Jerad Rissler*
Glenn P. Hendrix, Esq.
Georgia Bar No. 346590
W. Jerad Rissler
Georgia Bar No. 142024
171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
404.873.8500
jerad.rissler@agg.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this pleading was prepared using Book Antiqua 13-point font in accordance with Local Rule 5.1(C).

This 21st day of June, 2022.

/s/ *W. Jerad Rissler*
W. Jerad Rissler
Georgia Bar No. 142024

## CERTIFICATE OF SERVICE

I hereby certify that on June 21st, 2022, I electronically filed the foregoing **Defendant CPC's Response to Relator's Motion for Reconsideration of Order (Doc. 65)** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all Counsel of Record.

*/s/ W. Jerad Rissler*
W. Jerad Rissler
Georgia Bar No. 142024

ARNALL GOLDEN GREGORY LLP
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501