## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | ) | |
| THE STATE OF GEORGIA | ) | |
| ex rel. BETTY RINER | ) | |
| | ) | |
|     Plaintiff-Relator, | ) | |
| | ) | |
| v. | ) | Civil Case No: |
| | ) | 1:19-cv-4316-MLB |
| COMMUNITY PRIMARY CARE OF | ) | |
| GEORGIA, LLC (a/k/a Ga MedGroup), | ) | |
| | ) | |
|     Defendant. | ) | |

## RELATOR'S RESPONSE TO DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE (DOCS. 72; 73-1)

Through its Request to Take Judicial Notice, Defendant asks the Court to (1) summarily decide an issue of fact by applying its gloss on facts, rather than Relator Riner's allegations, which is improper at this pleading stage, and (2) ignore law in favor of policy statements, which is not only an improper use of judicial notice, but also is not supported by any law.

The Federal Rules of Evidence bar consideration of the documents Defendant proffers for judicial notice because Defendant uses them to attempt to establish "facts" that are heavily disputed or are not "facts" at all.  The Court should exclude such documents from its consideration of Defendant's Motion to

Dismiss (Doc. 73).

## THE DOCUMENTS AT ISSUE

Defendant proffers screenshots of websites showing a Medicare.gov summary of "ownership and management disclosures" for facilities at issue in this case. Docs. 72; 73-1 at 27. Defendant also submits a memorandum written by the Centers for Medicare and Medicaid Services (CMS) titled "Physician Delegation Tasks in Skilled Nursing Facilities (SNFs) and Nursing Facilities (NFs)." Doc. 73-1 at 16-17 n.4, 30. Next, Defendant references, but does not attach, a CMS website page. *Id*. at 18 n.5. Finally, Defendant attaches a CMS Medicare Claims Processing Manual. *Id*. at 18-19 n.6, 36.[1]

## ARGUMENT AND CITATION TO AUTHORITY

### I.   Defendant Cannot Meet the Standard for Judicial Notice

To be judicially noticeable, a fact must be "both 'not subject to reasonable dispute' and either (1) 'generally known within the trial court's jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Grayson v. Warden*, 869 F.3d 1204, 1224-25 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)).

---

[1] Defendant proffers some of these documents in a separate Request for Judicial Notice, Doc. 72, and others within and attached to its brief in support of its Motion to Dismiss, Doc. 73-1.

This Court has noted that the Eleventh Circuit "has urged caution" about taking judicial notice of facts without formal proof, "because the judicial notice process 'bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [a] district court.'" *Piccard v. Deedy*, 2021 WL 4846132, at *1 (N.D. Ga. Oct. 15, 2021) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)).

> Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing . . . . Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury."

*U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

## II.   The Facilities' Ownership, Management, and Control is Not a Fact Not Subject to Reasonable Dispute and Cannot Be Accurately and Readily Determined

Defendant argues that the records submitted for judicial notice show that it "does not own or manage the nursing homes at issue in this suit and cannot have submitted the claims at issue." Doc. 73-1 at 6. First, this is not true. Second, and notably, Defendant does not deny that it ***controls*** the facilities or any other entities and does not claim that the documents submitted for judicial notice show any lack of ***control*** over same. Doc. 73-1 at 6.

3

## A.    The documents do not show what Defendant claims; they show the opposite

The very "ownership and management disclosures" Defendant proffers further support (rather than contradict) the allegations of ownership, management, and control because they affirmatively show one of Defendant's "doing business as"/"formerly known as" names on ownership and management disclosures.

Clinical Services, Inc. "does business as" Ethica Health & Retirement Communities, which is one of the members of Defendant's umbrella.  *Id*. ¶¶ 10, 12, 14.  The Complaint alleges numerous facts of control and unity among Defendant and Clinical Services/Ethica.  *See, e.g.*, *id*. ¶ 7 (Defendant was formerly known as CHS-Ga, also known as Ethica); ¶ 12 (Defendant's website links to Ethica's, with the same exact website layout and even stock photograph, which lists Defendant's facilities on a map of "Client Centers"); ¶ 14 (Defendant and Ethica's facilities share principal office addresses, other office addresses, officers, and/or registered agents with each other and other members of the umbrella); ¶ 26 (Ethica managed Relator Riner's employment benefits when she was employed by Defendant). ***Clinical Services, Inc., a/k/a Ethica, a/k/a Defendant, appears under "Operational/Managerial Control" on the "ownership and management disclosures" for <u>every single facility</u> but one.***  *See generally* Doc. 72.

That single facility is Riverview Health & Rehabilitation, for which Defendant submits tax documents.  Doc. 72 at 191-246.  Defendant points to nothing in these documents that forecloses the involvement of Defendant, through Clinical Services or some other entity within its umbrella.  Indeed, the document itself fails to disclose management, much less address ownership or control:  "The organization is managed by an *unrelated third party*.  Under terms of the management contract, the management company provides a facility administrator, clinical and accounting services, and any other such services as deemed necessary."  *Id*. at 217, 245 (emphasis added).  Defendant's sweeping statement that the tax documents "confirm that Riverview 'operates' the nursing home," Doc. 72 at 5-6, for purposes of its motion to dismiss, is absurd in light of that quote from the documents themselves, which confirm rather than foreclose the fact that Riverview "is managed by" someone other than Riverview.  At the motion to dismiss stage, of course, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Guerra v. Rockdale Cnty.*, 420 F. Supp. 3d 1327, 1336 (N.D. Ga. 2019) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)).

**B.   The alleged "facts" for which Defendant proffers the documents are heavily disputed**

The assertion of lack of ownership, management, or control are heavily disputed issue of fact.  Relator Riner, as an Advanced Practice Registered Nurse who worked for Defendant in that capacity for several years, alleges facts about Defendant's ownership, control, and operation of multiple health care entities and facilities based on her direct experiences, personal observations, and conversations. *See, e.g.*, Doc. 68 ¶¶ 1, 5-29, 32-34, 95.

Relator Riner alleges that Defendant, CHS-Ga, and GA MedGroup are all versions of the same entity.  *Id*. ¶¶ 5-7.  She also alleges that service providers are owned, operated, and controlled by the same individuals that own, operate, and control Defendant and its instrumentalities.  *See, e.g.*, *id*. ¶¶ 28, 76, 144, 176, 178-79.  In sum, Relator Riner alleges that Defendant operates an "umbrella" of interrelated companies through which Defendant's CEO could go "towards where the money is going."  *Id*. ¶¶ 21, 23.  Defendant and its intermingled companies share office locations, officers, agents, and exact website layouts with identical stock photographs that freely link among each other, claiming to provide "access to a continuum of care across the healthcare spectrum of Georgia."  *Id*. ¶¶ 8-16.  Most importantly, Defendant handles the submission of claims and billing functions for all facilities.  *Id*. ¶¶ 10-11, 32.

6

The websites of Defendant and other entities under its "umbrella" further contradict Defendant's contentions.  The websites list "access to a continuum of care across the healthcare spectrum of Georgia," including the "Skilled Nursing" facilities at issue in this case.  Doc. 68 ¶¶ 5-13.  Accordingly, with just a few clicks of a mouse, Defendant's own website claims control of the facilities.

In sum, the documents themselves do not support the alleged "facts" for which Defendant proffers them, especially at the motion to dismiss stage, and the "facts" are heavily disputed.  Indeed, the documents even suggest the opposite of what Defendant contends: that Defendant does own, control, and/or manage the facilities and related entities.  The Court should accordingly decline to take the extreme step of taking judicial notice of these disputed facts, which would "preclude [Relator Riner] from introducing contrary evidence and in effect, direct[] a verdict against [her] as to" the ownership, management, and/or control of the facilities for purposes of Defendant's Motion to Dismiss.  *Jones*, 29 F.3d at 1553.

## III.   The Alleged "Facts" For Which Defendant Cites the CMS Documents Are Not Facts; They are Arguments About Policy Interpretations

Defendant also seeks judicial notice of CMS statements, a website page, and manual, essentially arguing that they are definitive statements of law.  Not only is this an inappropriate use of judicial notice—which only allows admission of facts that are not subject to reasonable dispute, but also is not supported by any law.

Defendant argues that, by the CMS statement, attached as Exhibit B to Doc. 73-1, "CMS has clarified that this regulation [42 C.F.R. § 483.30] allows that nurse practitioners may provide initial and other required visits for Medicaid (i.e., 'NF') patients where state law permits." Doc. 73-1 at 16. As an initial matter, the statement assumes the nurse practitioners meet the requirements allowing the exception. Here, as discussed in her Response to Defendant's Motion to Dismiss, Relator Riner has adequately alleged that those requirements were not met and that the exception cannot apply, because the nurse practitioners were employees of the facilities and were not working in collaboration with physicians.

Moreover, the policy document Defendant attaches to its Motion to Dismiss as Exhibit B is not appropriate for judicial notice in any event, because the truth for which it is asserted is not a fact at all, much less a fact that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Defendant points to the document for the alleged "fact" of what is or is not a violation of law. Doc. 73-1 at 16. An interpretation of a policy statement is not a fact. Further, "agency interpretations contained in policy statements, manuals, and enforcement guidelines are not entitled to the force of law." *Bradley v. Sebelius*, 621 F.3d 1330, 1338 (11th Cir. 2010) (quotation marks omitted); *see Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters—like interpretations

contained in policy statements, agency manuals, and enforcement guidelines, *all of which lack the force of law*—do not warrant *Chevron*-style deference."  (emphasis supplied and citations omitted)).  The statement from CMS cannot erase the exception requirement language in the Code.

Defendant also references a CMS website to support the following sentence: "As stated by CMS, the 'consolidated billing' requirement under Medicare Part A 'confers on the SNF the billing responsibility for the entire package of care that residents receive during a covered Part A SNF stay,' including laboratory services and physical, occupational, or speech-language therapy services ('rehab therapy')." Doc. 73-1 at 17-18, 18 n.5.  As with Exhibit B, the alleged "fact" for which Defendant proffers the website is CMS's interpretation of law and therefore is not appropriate for judicial notice for the same reasons.

Defendant next relies on a claims-processing manual that it submits for judicial notice.  Doc. 73-1 at 18-19 n.6.  For the reasons discussed above, the manual, attached as Exhibit C, is not appropriate for judicial notice.  Defendant posits the documents for the alleged "fact" of how statutes and regulations govern SNF claims.  *Id.*  But this is not a fact that is "not subject to reasonable dispute," and, again, "agency interpretations contained in policy statements, manuals, and enforcement guidelines are not entitled to the force of law."  *Bradley*, 621 F.3d at

1338 (quotation marks omitted); *Christensen*, 529 U.S. at 587.

## CONCLUSION

Defendant submits hundreds of pages of documents to the Court in an effort to impose its gloss on the facts, rather than the allegations of Relator Riner's Complaint, on the Court's consideration of the sufficiency of Relator Riner's Complaint.  The documents are not appropriate for judicial notice because they are not indisputable for the truth of the matter asserted and some are not "factual" at all.  Further, they are not probative because the documents attached to Doc. 72 do not contradict, but actually support Relator Riner's allegations of ownership, management, and/or control, and Relator Riner has argued law and pleaded facts that show that the CMS documents do not apply as Defendant argues.  The Court should deny Defendant's Request for Judicial Notice (Docs. 72; 73-1 at 16-17 n.4, 18 n.5, 18-19 n.6).

This 3rd day of August 2022.

**STACEY EVANS LAW**

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555
John Amble Johnson
Georgia Bar No. 229112
STACEY EVANS LAW
4200 Northside Parkway NW
Building One, Suite 200
Atlanta, Georgia 30327
Telephone: 770-779-9602
Facsimile:  404-393-2828
sevans@staceyevanslaw.com
ajohnson@staceyevanslaw.com

**THE CLAIBORNE FIRM P.C.**

/s/ William R. Claiborne
William R. Claiborne
Georgia Bar No. 126363
will@clairbornefirm.com
410 E. Bay Street
Savannah, GA 31401
Telephone:  (912) 236-9559
Facsimile:  (912) 236-1884

**WOOLF LAW**

/s/ S. Wesley Woolf
S. Wesley Woolf
woolf@woolflawfirm.com
Georgia Bar No. 776175
408 East Bay Street
Savannah, GA 31401
Telephone:  (912) 201-3696
Facsimile:  (912) 236-1884

*Counsel for Relator*

## **LOCAL RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this Brief has been prepared with one

of the font and point selections approved by the Court in Local Rule 5.1.

This <u>3rd</u> day of August 2022.

<div style="margin-left:40%">

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555

*Counsel for Relator*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **RELATOR'S RESPONSE TO DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE** with the Clerk of Court using the EM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

This <u>3rd</u> day of August 2022.

<div align="right">

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
Georgia Bar No. 298555

*Counsel for Relator*

</div>