UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA ex rel. BETTY RINER,<br><br>Plaintiff-Relator,<br><br>v.<br><br>COMMUNITY PRIMARY CARE OF GEORGIA, LLC (a/k/a Ga MedGroup),<br><br>Defendant. | Civil Case No:<br>1:19-cv-4316-MLB |

**RELATOR'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY (DOC. 78), AND SURREPLY**

Relator moves for leave to file a surreply to Defendant's Reply (Doc. 78) on Defendant's Motion to Dismiss (Doc. 73) for the narrow purpose of responding to Defendant's argument, raised for the first time in Reply, that Relator's complying with Defendant's request to alter language in a dismissal notice put her "on notice that [Defendant] did not own or control the other defendants, including the facilities." Doc. 78 at 3.

**I. Relator should be granted the opportunity to respond to the argument and facts Defendant raises in its Reply.**

As this Court has previously noted in a different case, the Court "may in its discretion permit the filing of a surreply," but it should do so "only where a valid

reason for such briefing exists, such as where the movant raises new arguments in its reply brief." *Bennett Int'l Grp., LLC v. Allied World Specialty Ins. Co.*, 2022 WL 94525, at *1 (N.D. Ga. Jan. 10, 2022) (quotation marks omitted); *see also, e.g.*, *Henley v. Turner Broad. Sys.*, 267 F. Supp. 3d 1341, 1349 (N.D. Ga. 2017) ("Such filings will typically be accepted by the Court only in unusual circumstances, such as where a movant raises new arguments *or facts* in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." (quotation marks omitted and emphasis supplied)). "Where a reply merely responds to arguments in the other party's response brief and does not advance new arguments, or where the surreply does not speci[fic]ally identify the other party's new arguments, the Court will likely deny the motion for surreply." *Bennett Int'l Grp.*, 2022 WL 94525, at *1 (quotation marks omitted and some punctuation marks altered).

    Defendant did not raise the argument or facts regarding the dismissal notices in its Motion to Dismiss Relator's Second Amended Complaint. *See* Doc. 73-1 at 2 (relating the procedural event only as follows and citing only the original dismissal notice (Doc. 40), not the amended dismissal notice (Doc. 41): "Following a motion to dismiss, Relator voluntarily dismissed all Defendants except CPC."). Relator did not discuss the notices in her Response brief. *See* Doc.

76. Therefore, the argument does not merely "respond[] to arguments in [Relator]'s response brief." *Bennett Int'l Grp.*, 2022 WL 94525, at *1 (citation omitted). Finally, in this filing, Relator has specifically identified the new argument and facts. Accordingly, the Court "may in its discretion permit the filing of a surreply." *Id*.

Relator responds to the new argument below.

## II. The Notices of Voluntary Dismissal did not put Relator "on notice" of Defendant's ownership or control of the facilities, a highly-contested issue of material fact supported by the allegations in Relator's Complaint.

Relator filed a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on November 10, 2021. Doc. 40. Relator stated: "The Relator's claims remain pending against Community Primary Care of Georgia, LLC, which owns and controls all other entities originally named in the complaint." *Id*. at 2. After Defendant's counsel requested via email that Relator delete the clause following the comma, Relator filed an Amended Notice of Voluntary Dismissal of Certain Defendants Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which adhered to the request. *See* Doc. 41 at 2. By doing so, Relator was extending a professional courtesy on an issue that was not germane to the filing. Indeed, as Relator pointed out in briefing on the previous motion to dismiss, in its email requesting the change Defendant itself called the

3

change immaterial to the dismissals. Doc. 54 at 9 n.2.

Defendant's email requesting Relator file the Amended Notice put Relator on notice that Defendant would potentially *contend* that it did not own or control the facilities at issue. But—for all the reasons discussed in the Second Amended Complaint (Doc. 67), Relator's Response to Defendant's Motion to Dismiss Relator's Second Amended Complaint (Doc. 76), and Relator's Response to Defendant's Request to Take Judicial Notice (Doc. 77)—ownership and control of the facilities remains a highly-contested issue of material fact. An uncontested notice of dismissal altered as a professional courtesy to counsel for Defendant does nothing to change that, and the change is not relevant to Defendant's Motion to Dismiss.

## CONCLUSION

Defendant argues, for the first time in its Reply, that by agreeing to Defendant's request to make immaterial changes to her notice of voluntary dismissal at Defendant's request, Relator was "on notice that [Defendant] did not own or control the other defendants, including the facilities." Because the argument is brought up for the first time in Reply and the dismissals are not discussed in the Response to which the Reply is made, Relator requests that her surreply be considered. And, in her surreply, Relator Riner states that the notice

was amended at Defendant's request after Defendant noted that the change was immaterial. Nothing in the notices of dismissal mitigates the allegations that Defendant owns and/or controls the facilities at issue.

This 26th day of September 2022.

**STACEY EVANS LAW**

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555
John Amble Johnson
Georgia Bar No. 229112
STACEY EVANS LAW
4200 Northside Parkway NW
Building One, Suite 200
Atlanta, Georgia 30327
Telephone: 770-779-9602
Facsimile: 404-393-2828
sevans@staceyevanslaw.com
ajohnson@staceyevanslaw.com

**THE CLAIBORNE FIRM P.C.**

/s/ William R. Claiborne
William R. Claiborne
Georgia Bar No. 126363
will@claibornefirm.com
410 E. Bay Street
Savannah, GA 31401
Telephone: (912) 236-9559
Facsimile: (912) 236-1884

**WOOLF LAW**

/s/ S. Wesley Woolf
S. Wesley Woolf
woolf@woolflawfirm.com
Georgia Bar No. 776175
408 East Bay Street
Savannah, GA 31401
Telephone: (912) 201-3696
Facsimile: (912) 236-1884

*Counsel for Relator*

## LOCAL RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

This <u>26th</u> day of September 2022.

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
Georgia Bar No. 298555

*Counsel for Relator*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **RELATOR'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY (DOC. 78), AND SURREPLY** with the Clerk of Court using the EM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

This 26th day of September 2022.

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555

*Counsel for Relator*